IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARRAY BIOPHARMA INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEMBIC PHARMACEUTICALS ) <br> LIMITED and SANDOZ INC., ) <br> ) <br> Defendants. ) | C.A. No. 22-1277 (GBW) <br> CONSOLIDATED |

**[PROPOSED] JOINT STIPULATED ORDER BETWEEN ARRAY AND ALEMBIC OF INVALIDITY OF CERTAIN CLAIMS OF U.S. PATENT NOS. 9,314,464, 9,850,229, AND 10,005,761, AND NONINFRINGEMENT OF CERTAIN CLAIMS OF U.S. PATENT NOS. 9,562,016, 9,598,376, AND 9,980,944**

Plaintiff Array BioPharma Inc. ("Array") and defendant Alembic Pharmaceuticals Limited ("Alembic") (collectively, the "Parties") hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Pursuant to the Court's finding (April 16, 2024 Order and Memorandum Opinion on claim construction, D.I. 93, 94) that the term "ARRY-438162," as used in the claims of U.S. Patent Nos. 9,314,464 (the "'464 patent"), 9,850,229 (the "'229 patent"), and 10,005,761 (the "'761 patent"), is indefinite under 35 U.S.C. § 112, the following asserted claims are invalid for indefiniteness: claims 11–13, 18–20, and 25–27 of the '464 patent; claims 5, 6, 11, 12, 16, 17, 19, and 20 of the '229 patent; and claims 12, 13, 15, and 18–22 of the '761 patent.

2. Pursuant to the Court's construction (April 16, 2024 Order and Memorandum Opinion on claim construction, D.I. 93, 94) of the term "[c]rystallized 6-(4-bromo-2-fluorophenylamino)-7-fluoro-3-methyl-3H-benzoimidazole-5-carboxylic acid (2-hydroxyethyoxy)-amide" to mean "[b]inimetinib in a crystalline form resulting from the use of a solvent mixture of ether and optionally an alcohol," defendant Alembic's generic binimetinib product that is the subject

of Array's claims in this case does not and will not infringe any of the claims of U.S. Patent Nos. 9,562,016 (the "'016 patent"), 9,598,376 (the "'376 patent"), and 9,980,944 (the "'944 patent") asserted against Alembic in the above-captioned case, specifically, claims 3, 5–6, 8–9, and 11–14 of the '016 patent, claims 1–5, and 8–12 of the '376 patent, and claims 1–12 of the '944 patent.

    3.    Defendant Alembic's unadjudicated defenses and counterclaims with respect to the '016, '376, and '944 patents are dismissed without prejudice (including, Counts 4–6 of Alembic's Inc.'s Answer, Affirmative Defenses, and Counterclaims to Array's Complaint for Patent Infringement, D.I. 9), and Alembic reserves the right to reassert any such defenses and counterclaims, including in the event of a reversal and remand to this Court following an appeal from a final judgment entered in this case.

    4.    For the avoidance of doubt, Array states that it disagrees with and objects to the Court's construction of the disputed claim terms "ARRY-438162" and "[c]rystallized 6-(4-bromo-2-fluorophenylamino)-7-fluoro-3-methyl-3H-benzoimidazole-5-carboxylic acid (2-hydroxyethyoxy)-amide" and reserves its right to challenge the constructions on appeal. The Parties reserve all appellate rights including, but not limited to, the right to appeal the Court's Order on claim construction. In the event of a reversal and remand on appeal, Array reserves the right to supplement its infringement contentions; Alembic reserves the right to supplement its invalidity contentions; and the Parties agree to negotiate a revised scheduling order to allow the parties to conduct additional reasonable discovery.

    5.    Therefore, based on the Court's Order on claim construction (D.I. 94) and subject to their right to appeal that Order, the Parties stipulate to entry of an order of invalidity of asserted claims 11–13, 18–20, and 25–27 of the '464 patent, claims 5, 6, 11, 12, 16, 17, 19, and 20 of the '229 patent, and claims 12, 13, 15, and 18–22 of the '761 patent; and an order of noninfringement

of asserted claims 3, 5–6, 8–9, and 11–14 of the '016 patent, claims 1–5, and 8–12 of the '376 patent, and claims 1–12 of the '944 patent. The Parties agree that neither Array nor Alembic seeks immediate entry of final judgment of invalidity or noninfringement under FRCP 54(b) and, instead, the Parties request that the stipulated order of invalidity and order of noninfringement be incorporated into any final judgment entered in this litigation between Array and Alembic.

6. As a result of this stipulated order, the only remaining asserted claims in this case as to Alembic are: claims 7-10, 14-17, and 21-24 of the '464 patent; claims 1-4, 9-10, 15, and 18 of the '229 patent; and claims 8-11 of the '761 patent.

7. In order to efficiently proceed with discovery, the parties agree that after the counsel for the parties execute this Joint Proposed Stipulated Order, it will be treated as "So Ordered" for discovery purposes.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | DEVLIN LAW FIRM LLC |
| */s/ Megan E. Dellinger* | */s/ Andrew DeMarco* |
| Jack B. Blumenfeld (#1014) | Timothy Devlin (#4241) |
| Megan E. Dellinger (#5739) | Neil A. Benchell (admitted pro hac vice) |
| 1201 North Market Street | Andrew DeMarco (#6736) |
| P.O. Box 1347 | 1526 Gilpin Avenue |
| Wilmington, DE 19899 | Wilmington, DE 19806 |
| (302) 658-9200 | (302) 449-9010 |
| jblumenfeld@morrisnichols.com | tdevlin@devlinlawfirm.com |
| mdellinger@morrisnichols.com | nbenchell@devlinlawfirm.com |
| | ademarco@devlinlawfirm.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

May 23, 2024

SO ORDERED, this _____ day of _____, 2024

_____
Gregory B. Williams, U.S. District Judge

3