IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARRAY BIOPHARMA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1277 (GBW) |
| | ) | |
| ALEMBIC PHARMACEUTICALS | ) | |
| LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

## **PROPOSED PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3. Plaintiff Array BioPharma Inc. ("Plaintiff" or "Array") and Defendant Alembic Pharmaceuticals Limited ("Defendant" or "Alembic"), by their undersigned counsel, submit this proposed Joint Pretrial Order governing the bench trial of the above-referenced action, which is currently scheduled to begin on June 24, 2025.

| **Attorneys for Plaintiff** | **Attorneys for Defendant** |
|---|---|
| Jeremy A. Tigan (#5239) | Timothy Devlin (#4241) |
| Megan E. Dellinger (#5739) | Andrew P. DeMarco (#6736) |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Neil A. Benchell |
| 1201 North Market Street | DEVLIN LAW FIRM LLC |
| P.O. Box 1347 | 1526 Gilpin Avenue |
| Wilmington, DE 19899 | Wilmington, DE 19806 |
| (302) 658-9200 | (302) 449-9010 |
| jtigan@morrisnichols.com | tdevlin@devlinlawfirm.com |
| mdellinger@morrisnichols.com | ademarco@devlinlawfirm.com |
| | nbenchell@devlinlawfirm.com |

OF COUNSEL:

Aaron Stiefel
Daniel P. DiNapoli
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

David C. McMullen, PhD
Drew M. Needham
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC  20001
(202) 942-5000

## TABLE OF CONTENTS

Page

I.    NATURE OF THE CASE (LR 16.3(c)(1)) ................................................. 1

    A.    Array's Complaint ..................................................................... 1

    B.    Asserted Claims ....................................................................... 2

    C.    Alembic's Answers, Affirmative Defenses, and Counterclaims ........................ 3

    D.    Array's Answers to Alembic's Counterclaims ....................................... 4

    E.    Joint Stipulation of Infringement .................................................. 4

    F.    Consolidation ......................................................................... 5

    G.    Claim Construction ................................................................... 5

    H.    Pending Motions ...................................................................... 6

II.    JURISDICTION (LR 16.3(c)(2)) ......................................................... 6

III.    FACTS ...................................................................................... 6

    A.    Uncontested Facts (LR 16.3(c)(3)) ................................................. 6

    B.    Contested Facts (LR 16.3(c)(4)) ................................................... 6

IV.    ISSUES OF LAW (LR 16(c)(5)) ......................................................... 7

V.    OPENING STATEMENTS AND PRESENTATION OF EVIDENCE ........................... 7

    A.    Witnesses to be Called (LR 16.3(c)(7)) ........................................... 8

    B.    Testimony by Deposition ............................................................. 9

    C.    Impeachment with Prior Inconsistent Statements ................................. 12

VI.    EXHIBITS (LR 16.3(c)(6)) ............................................................. 12

    A.    Trial Exhibits ....................................................................... 12

    B.    Demonstrative Exhibits ............................................................. 15

VII.    ARRAY'S INTENDED PROOFS (LR 16.3(c)(8)) ....................................... 16

VIII.    ALEMBIC'S INTENDED PROOFS (LR 16.3(c)(9)) .................................... 16

IX.     DAMAGES ................................................................................................................ 16

X.      COUNTERCLAIMANT STATEMENTS (LR 16.3(c)(10)) ................................. 16

XI.     BIFURCATED TRIAL ............................................................................................ 17

XII.    MOTIONS *IN LIMINE* ........................................................................................... 17

XIII.   DISCOVERY ........................................................................................................... 17

XIV.    NUMBER OF JURORS .......................................................................................... 17

XV.     NON-JURY TRIAL ................................................................................................ 17

XVI.    LENGTH OF TRIAL .............................................................................................. 18

XVII.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW ................................... 18

XVIII.  AMENDMENT OF THE PLEADINGS (LR 16.3(c)(11)) ................................... 19

XIX.    CLOSING THE COURT TO THE PUBLIC .......................................................... 19

XX.     SETTLEMENT (LR 16.3(c)(12)) ........................................................................... 19

XXI.    OTHER MATTERS (LR 16.3(c)(13)) ................................................................... 19

## I.      NATURE OF THE CASE (LR 16.3(c)(1))

### A.      Array's Complaint

1.      This is an action for patent infringement brought pursuant to the Hatch-Waxman Act, codified as amended at 21 U.S.C. § 355(j) and 35 U.S.C. § 271(e), concerning Array's drug product MEKTOVI®. The active ingredient in Array's MEKTOVI product is an inhibitor of MEK1 (mitogen-activated extracellular signal regulated kinase) and MEK2 activity, having the chemical name binimetinib. MEKTOVI tablets contain 15 mg binimetinib. MEKTOVI is approved by the United States Food and Drug Administration ("FDA") (1) for the treatment of patients with unresectable or metastatic melanoma with a BRAF V600E or V600K mutation,[1] as detected by an FDA-approved test, and (2) for the treatment of adult patients with metastatic non-small cell lung cancer (NSCLC) with a BRAF V600E mutation, as detected by an FDA-approved test. The chemical name for binimetinib shown in the FDA-approved label for MEKTOVI (JTX-270) is 5-[(4-bromo-2-fluorophenyl)amino]-4-fluoro-N-(2-hydroxyethoxy)-1-methyl-1H-benzimidazole-6-carboxamide.

2.      Array filed suit against Alembic for infringement of, among others, United States Patent Nos. 9,314,464 (the "'464 patent") (JTX-001), 9,850,229 (the "'229 patent") (JTX-007), 10,005,761 (the "'761 patent") (JTX-012), (collectively, the "Asserted Patents") based on Alembic's filing of Abbreviated New Drug Application ("ANDA") No. 217678 ("Alembic's ANDA") seeking approval by the FDA to market generic 15 mg binimetinib tablets prior to expiration of the Asserted Patents. (Complaint, D.I. 1). Following the Court's Claim Construction Order (Order and Memorandum Opinion on Claim Construction, D.I. 93, 94), Array and Alembic

---

[1] "V600E" is a mutation of the BRAF gene where valine (V) is substituted by glutamic acid (E) at amino acid no. 600. "V600K" is a mutation of the BRAF gene where valine (V) is substituted by lysine (K) at amino acid no. 600.

stipulated to entry of an order of invalidity of certain asserted claims of the Asserted Patents and an order of noninfringement of all asserted claims of the other asserted patents. (Joint Stipulated Order Between Array and Alembic of Invalidity of Certain Claims of U.S. Patent Nos. 9,314,464, 9,850,229, and 10,005,761, and Noninfringement of Certain Claims of U.S. Patent Nos. 9,562,016, 9,598,376, and 9,980,944, D.I. 131). Hence, only the '464, '229 and '761 patents remain at issue in this case.

### B.    Asserted Claims

3.    Array alleges that Alembic infringed each of the Asserted Patents pursuant to 35 U.S.C. § 271(e)(2) by submission of its Abbreviated New Drug Application (ANDA) No. 217678. Array also alleges that Alembic will induce and/or contribute to infringement of the Asserted Patents if the FDA were to approve and Alembic were to manufacture, use, offer for sale, sell, and/or import its generic binimetinib tablets prior to expiration of the Asserted Patents.

4.    Array is presently asserting infringement of the following claims (the "Asserted Claims") against Alembic:

- '464 patent: 17;

- '229 patent: 1 and 4; and

- '761 patent: 11.

5.    Array is requesting that the Court: (a) enter judgment that Alembic's submission of ANDA No. 217678 to the FDA was an act of infringement and that Alembic will infringe the Asserted Patents by making, using, offering to sell, selling, or importing its generic 15 mg binimetinib tablets prior to patent expiration; (b) order that the effective date of any FDA approval for Alembic to make, use, offer for sale, sell, market, distribute, or import its generic 15 mg binimetinib tablets be no earlier than the date on which the Asserted Patents expire, or any later

expiration of exclusivity to which Array is or becomes entitled; (c) enter an injunction enjoining Alembic, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making, using, selling, offering for sale, marketing, distributing, or importing Alembic's generic 15 mg binimetinib tablets, prior to expiration of the Asserted Patents, or any later expiration of exclusivity to which Array is or becomes entitled; (d) enter judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Array to an award of its reasonable attorneys' fees for bringing and prosecuting this action; (e) judgment awarding Array its costs and expenses in this action; and (f) judgment for such further and additional relief as this Court deems just and proper. (Complaint, D.I. 1).

### C.    Alembic's Answers, Affirmative Defenses, and Counterclaims

6.      In its Amended Answer to Complaint, Affirmative Defenses and Counterclaims (D.I. 65), Alembic denies infringement of any valid patent claims and raises affirmative defenses of (a) failure to state a claim; (b) invalidity; (c) non-infringement of the Asserted Patents; (d) patent exhaustion; and (e) lack of standing for failure to name a co-owner. (Amended Answer to Complaint, Affirmative Defenses and Counterclaims, D.I. 65.)

7.      In addition, Alembic asserts counterclaims for declarations of non-infringement asserting that the manufacture, use, sale, offer for sale or importation of binimetinib tables that are the subject of Alembic's ANDA, have not infringed, do not infringe and will not infringe any valid and enforceable claims of the Asserted Patents. (Amended Answer to Complaint, Affirmative Defenses and Counterclaims, D.I. 65.)

8.      Alembic is requesting: (a) a declaration that the manufacture, use, sale, offer for sale or importation of binimetinib tablets, 15 mg, that is the subject of Alembic's ANDA No. 217678, has not infringed, does not infringe, and will not, if marketed, infringe any valid and

enforceable claim of the Asserted Patents; (b) a declaration in favor of Alembic that this is an exceptional case under 35 U.S.C. § 285 entitling Alembic to an award of Alembic's attorneys' fees, costs, and expenses in this action; and (c) any further and additional relief as the Court deems just and proper. (Amended Answer to Complaint, Affirmative Defenses and Counterclaims, D.I. 65.)

**D.    Array's Answers to Alembic's Counterclaims**

9.    In its answer to Alembic's counterclaims (Amended Answer to Complaint, D.I. 65), Array denied that Alembic is entitled to the declarations it seeks, requesting that the Court (a) deny all relief sought by Alembic; (b) dismiss with prejudice Alembic's Counterclaims in their entireties; (c) award Array the relief sought in its Complaint against Alembic; (d) award Array its costs and expenses (including attorneys' fees) in this action; and (e) award Array such other further and additional relief as this Court deems just and proper. (Array's Answer to Alembic's Amended Answer and Counterclaims, D.I. 69).

**E.    Joint Stipulation of Infringement**

10.    On May 23, 2025, the Parties filed a proposed joint stipulation of infringement (D.I. 177) stating:

- The submission of Alembic's ANDA constitutes infringement of the Asserted Claims pursuant to 35 U.S.C. § 271(e)(2)(A), to the extent that these claims are not proven invalid or unenforceable by reason of patent exhaustion.

- The commercial sale, offer for sale, user, and/or manufacturing within the United States and/or importation into the United States of Alembic's ANDA Product will infringe each of the Asserted Claims pursuant to 35 U.S.C. § 271, to the extent that these claims are not proven invalid or unenforceable by reason of patent exhaustion.

11.    On May 27, 2025, the Court so ordered  the Parties' stipulation.

4

### F.    Consolidation

12.    On December 22, 2022, the Court consolidated the above-captioned action with a related case where Array asserted the Asserted Patents against Sandoz, Inc., C.A. 1:22-cv-01316. (D.I. 15). Array and Sandoz have reached a settlement and Sandoz has been dismissed from this case without prejudice by stipulation. (D.I. 165).

### G.    Claim Construction

13.    On April 16, 2024, the Court entered an Order regarding claim construction. (Memorandum Opinion Regarding Claim Construction and Order, D.I. 93, 94). The Court construed relevant claims of the remaining Asserted Patents as follows:

| # | Asserted Claim(s) | Claim Term | Agreed Upon Construction |
|---|---|---|---|
| 1 | '464 patent, claim 1 | "A method for treating a B-Raf protein kinase mediated cancer" | Preamble is limiting. |
| 2 | '229 patent, claim 1 | "A method of treating melanoma in a subject in need thereof, the method comprising" | Preamble is limiting. |
| 3 | '761 patent, claim 1 | "A method of treating cancer in a subject in need thereof, comprising" | Preamble is limiting. |
| 4 | '229 patent: claim 2 | "non-fixed combination" | The active ingredients are both administered to a patient as separate entities simultaneously, concurrently or sequentially with no specific time limits, wherein such administration provides therapeutically effective levels of the two compounds in the body of the patient. |
| 5 | '464 patent: claim 8, 15, 22; and '229 patent: claim 3 | "sequentially" | Plain meaning: forming or following in a logical order or sequence. |
| 6 | '464 patent: claim 8, 15, 22; | "simultaneously" | Plain and ordinary meaning: at the same time. |

| # | Asserted Claim(s) | Claim Term | Agreed Upon Construction |
|---|---|---|---|
| 7 | '464 patent: claim 8, 15, 22; and  '229 patent: claim 9 | "concurrently" | Plain and ordinary meaning: at the same time. |

### H.    Pending Motions

14.    No motions are pending.

## II.    JURISDICTION (LR 16.3(c)(2))

15.    This action arises under the patent laws of the United States under the Drug Price Competition and Patent Term Restoration Act of 1984 (also known as the Hatch-Waxman Act), codified in 21 U.S.C. § 355(j) of the Federal Food, Drug and Cosmetic Act, and under 35 U.S.C. § 271(a)-(c) and (e). The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16.    Array has alleged that the Court has personal jurisdiction over Alembic by virtue of Alembic's filing of ANDA No. 217678, or alternatively under Fed. R. Civ. P. 4(k)(2).

17.    Array has alleged that venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391.

## III.    FACTS

### A.    Uncontested Facts (LR 16.3(c)(3))

18.    The parties' Joint Statement of Uncontested Facts is submitted herewith as **Exhibit 1**. The facts are not disputed, or have been agreed to or stipulated by the parties. These facts should become part of the evidentiary record in the case without the need to be read into the record at trial.

### B.    Contested Facts (LR 16.3(c)(4))

19.    Array's Issues of Fact To Be Litigated at trial is submitted herewith as **Exhibit 2**.

20.    Alembic's Issues of Fact To Be Litigated at trial is submitted herewith as **Exhibit 3**.

21.    If the Court determines that any issue identified in the statements of issues of fact is more properly considered an issue of law, it should be so considered.

## IV.    ISSUES OF LAW (LR 16(c)(5))

22.    Array's Statement of Issues of Law that Remain To Be Litigated is submitted herewith as **Exhibit 4**.

23.    Alembic's Statement of Issues of Law that Remain To Be Litigated is submitted herewith as **Exhibit 5**.

24.    If the Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## V.    OPENING STATEMENTS AND PRESENTATION OF EVIDENCE

25.    Presentation of evidence will follow the burden of proof. Array will present its opening statement in full, and then Alembic will present its opening statement. Alembic will then present its evidence on patent exhaustion and patent invalidity. Array will then present responsive evidence on patent exhaustion and patent invalidity. Alembic will then present its rebuttal evidence on patent exhaustion and patent invalidity.

26.    Unless otherwise agreed between the parties, the parties will identify witnesses expected to testify by **7:00 p.m. two calendar days before** the direct examination will take place.

27.    Identification of a witness expected to testify at trial does not necessarily require the party to call the witness.

28.    The parties will confer nightly to update opposing counsel as to the day on which each party expects to complete its presentation of evidence.

**A.    Witnesses to be Called (LR 16.3(c)(7))**

29.    Array's List of Witnesses to be Called Live or by Deposition is attached as **Exhibit 6**.

30.    Alembic's List of Witnesses to be Called Live or by Deposition is attached as **Exhibit 7**.

31.    The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

32.    The parties will exchange final witness lists no later than seven days prior to when trial is scheduled to begin (*i.e.*, no later than 9:30 AM ET on Tuesday, June 17, 2025, as currently scheduled).

33.    The parties agree that fact witnesses will be sequestered, including for opening statements.  The parties agree that expert witnesses need not be sequestered.

34.    An offering party may discuss with any witness his or her testimony while on direct examination, including during adjournments in the trial, and including breaks during the trial day and overnight. An offering party may not discuss with any witness his or her testimony while the witness is on cross-examination, including during adjournments in the trial, and including breaks during the trial day and overnight. Once cross-examination of a fact witness is concluded and the witness is passed for re-direct examination, the offering party may not discuss with the witness his or her testimony on re-direct examination.

35.    To the extent a fact witness becomes unavailable for trial (as that is defined by the Federal Rules of Civil Procedure and Federal Rules of Evidence), each party reserves the right to call that witness by deposition, as set forth below in this pretrial order.

36.    The parties further reserve the right to call: (1) one or more additional witnesses whose testimony is necessary to establish authenticity or admissibility of any trial exhibit, if the evidentiary status of the exhibit is challenged by an opposing party; (2) additional witnesses to respond to any issues raised by the Court's pretrial or trial rulings; (3) any witness live for impeachment purposes to the extent permitted by applicable rules; and (4) any witness who appears on the other side's witness list.

37.    Any witness not listed or provided for in accordance with this Section will be precluded from testifying, absent good cause shown.

**B.    Testimony by Deposition**

38.    A chart of Array's deposition designations, Alembic's objections to Array's deposition designations, Alembic's counter-designations, and Array's objections to Alembic's counter-designations is set forth in **Exhibit 8**.

39.    A chart of Alembic's deposition designations, Array's objections to Alembic's deposition designations, Array's counter-designations, and Alembic's objections to Array's counter-designations is set forth in **Exhibit 9**.

40.    This pretrial order contains the universe of deposition designations, counter-designations, and objections to admission of deposition testimony. A party's decision not to introduce some or all of the testimony of a witness designated by that party herein shall not be commented upon by the other parties at trial.

41.    With respect to those witnesses whom the parties have identified in Exhibits 6 and 7 that will be called to testify live at trial, no deposition designations or counter-designations are required. Should a fact witness identified in Exhibits 6 and 7 as testifying live at trial become unavailable, as that term is defined in the Federal Rules of Civil Procedure and Federal Rules of

Evidence, the parties may designate specific pages and lines of transcript that they intend to play in lieu of the witness's appearance upon reasonable notice.

42.     The party presenting designated deposition testimony shall serve the other party with the transcript pages and line numbers of the deposition testimony they intend to introduce by **7:00 p.m. three calendar days before** such testimony is to be introduced. The opposing party will identify any objections to the designated deposition testimony and any counter-designations, by specific pages and lines, by **7:00 p.m. the next day** (two calendar days before such testimony is to be introduced). Anticipated objections are listed in Exhibits 8 and 9, and the parties shall not be permitted to add or assert different objections to deposition testimony designated or counter-designated in Exhibits 8 and 9. The parties shall meet and confer to resolve any objections to designated testimony by **9:00 p.m. that same day** (two calendar days before such testimony is to be introduced).

43.     If good faith efforts to resolve the objections fail, the parties will submit by email the unresolved objections to the Court by **6:00 a.m. of the day before** the designations are to be played, pursuant to the Court's Dispute Resolutions/Objections procedure. The parties shall attach to the email digital copies of all relevant deposition designations with the disputed passages highlighted. By 8:15 a.m., the parties shall provide the Court with two courtesy copies of the objections and relevant exhibits and deposition designations. The parties shall leave the courtesy copies on the podium in the courtroom.

44.     If deposition testimony is to be presented by video, then the party playing the designated testimony shall also serve the other party with electronic video clips of all testimony to be played by **7:00 p.m. the calendar day before** the witness is to be called at trial.

45.     Designated deposition testimony will be presented to the Court as designated testimony that the offering party plays by video or that counsel for the offering party reads into the record  in Court and will count against that party's trial presentation time. Specifically, any affirmative designations offered by a party will count against that party's trial presentation time, whereas any counter-designations by the other party will count against the party who made the counter-designations.

46.     All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is viewed at trial.

47.     When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions of the deposition testimony designated by the parties.

48.     When deposition designation excerpts are introduced, all admissible deposition counter-designations excerpts will be introduced simultaneously in the sequence in which the testimony was originally given. The specific portions of the deposition shall be played in page order. If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence if it is included on a trial exhibit list and is not otherwise objected to or is included on the joint trial exhibit list.

49.     If a party decides to play less than all of the designated deposition testimony for a witness at trial, or to include less than all of its counter-designations, the opposing party may use such eliminated testimony as counter-designations or counter-counter-designations to the extent

the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.

### C.    Impeachment with Prior Inconsistent Statements

50.    The Court may allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of consistency. The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment of a witness. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

51.    No deposition testimony may be presented for any witness testifying live, except for purposes of impeachment or as otherwise allowed by the Federal Rules of Civil Procedure.

## VI.    EXHIBITS (LR 16.3(c)(6))

### A.    Trial Exhibits

52.    Array's list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, is submitted herewith as **<u>Exhibit 10</u>**. Array's trial exhibits will be identified with PTX numbers, starting with PTX-001. Exhibit 10 also contains Alembic's objections to Array's trial exhibits, with a key to the objection codes appended at the end of the exhibit.

53.    Alembic's list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, is submitted herewith as **<u>Exhibit 11</u>**. Alembic's trial exhibits will be identified with DTX numbers, starting with DTX-001. Exhibit 11 also

contains Array's objections to Alembic's trial exhibits, with a key to the objection codes appended at the end of the exhibit.

54.    The parties' list of joint exhibits that they may offer at trial is submitted herewith as **Exhibit 12**. The joint trial exhibits will be identified with JTX numbers, starting with JTX-001.

55.    The parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

56.    This pretrial order contains the universe of exhibits to be used in any party's case-in-chief and cross examination, as well as all objections to the admission of such objections, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown. Each party shall be permitted to reasonably supplement the foregoing up to and including **10 days** before trial. Following that date, none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

57.    No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.

58.    The parties will provide exhibits to be used in connection with direct examination to opposing counsel by **7:00 p.m. the night before** their intended use, and objections will be provided no later than **9:00 p.m. the night before** their intended use. The parties shall meet and confer by **10:00 p.m. the night before** their intended use in order to resolve any objections. If good faith efforts to resolve the objections fail, the parties will submit by email the unresolved objections to the Court by **6:00 a.m. on the day** of the direct examination, pursuant to the Court's Dispute Resolutions/Objections procedure. The parties shall attach to the email digital copies of all relevant exhibits with any key portions highlighted. By 8:15 a.m., the parties shall provide the

Court with two courtesy copies of the objections and relevant exhibits. The parties shall leave the courtesy copies on the podium in the courtroom.

59.     Exhibits listed in Exhibit 12 will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness. Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

60.     All exhibits shall be deemed to be *prima facie* authentic, subject to the right of the party against whom the exhibit is introduced to adduce evidence to the contrary. Any objection to a document's authenticity must be made in this Pretrial Order and must be established according to the Federal Rules of Evidence.

61.     Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission. The listing of a document on an exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.

62.     Legible copies of United States patents, file histories, and the contents of United States and foreign patents and translations thereof (if in English or translated into English) may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

63.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each side.

**B.     Demonstrative Exhibits**

64.     The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Final Pretrial Order. Array's demonstrative exhibits will be identified with PDX numbers, starting with PDX 1. Alembic's demonstrative exhibits will be identified with DDX numbers, starting at DDX 1.

65.     The parties will exchange demonstratives to be used in opening statements by **2:00 pm the day before opening statements**. The parties will provide any objections to such demonstratives by **5:00 p.m. on the day before opening statements**. The parties shall meet and confer by **7:00 p.m. on the day before** their intended use in order to resolve any objections.

66.     The parties will provide demonstrative exhibits to be used in connection with direct examination by **7:00 p.m. the night before** their intended use, and objections will be provided no later than **9:00 p.m. the night before** their intended use. The parties shall meet and confer by **10:00 p.m. the night before** their intended use in order to resolve any objections. If any of the demonstratives change after the deadline, the parties intending to use the demonstrative will promptly notify the opposing parties of the change(s).

67.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. For video or animations, the party seeking to use the demonstrative will provide it to the other side in a viewable format. For irregularly-sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

15

68.    These provisions do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, none of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony that are created live during testimony (as opposed to blow-ups or highlights that are prepared on slides) need not be provided to the other side in advance of their use.

69.    If good faith efforts to resolve the objections fail, the parties will submit by email the unresolved objections to the Court by **6:00 a.m. on the day of** the direct examination, pursuant to the Court's Dispute Resolutions/Objections procedure. The parties shall attach to the email digital copies of the disputed demonstrative(s). By 8:15 a.m., the parties shall provide the Court with two courtesy copies of the objections and the disputed demonstrative(s). The parties shall leave the courtesy copies on the podium in the courtroom.

## VII.    ARRAY'S INTENDED PROOFS (LR 16.3(c)(8))

70.    Array's statement of what it intends to prove in support of its claims is attached as **Exhibit 13**.

## VIII.    ALEMBIC'S INTENDED PROOFS (LR 16.3(c)(9))

71.    Alembic's statement of what it intends to prove as defenses is attached as **Exhibit 14**.

## IX.    DAMAGES

72.    There currently are no damages claims in this case.

## X.    COUNTERCLAIMANT STATEMENTS (LR 16.3(c)(10))

73.    Alembic is a counterclaimant in this case. Alembic's statements comparable with Plaintiff's statements are attached as Exhibits 3, 5, 12 and 13.

## XI.    BIFURCATED TRIAL

74.    All issues will be tried without bifurcation.

## XII.    MOTIONS *IN LIMINE*

75.    As of the filing of this Proposed Pretrial Order, neither party intends to submit any motions *in limine*. In the event that either party subsequently decides to submit any motions *in limine*, the parties will meet and confer on a briefing schedule.

## XIII.    DISCOVERY

76.    Discovery has been completed.

## XIV.    NUMBER OF JURORS

77.    This is a non-jury trial.

## XV.    NON-JURY TRIAL

78.    The parties request a detailed opinion from the Court post-trial.

79.    The parties propose the following post-trial briefing schedule:

- The parties respectfully propose that the parties submit opening post-trial briefs on all issues on August 8, 2025, and responsive briefs on September 5, 2025. The post-trial opening and responsive briefs will be limited to no more than fifty (50) pages.

- Along with their post-trial briefs, the parties respectfully propose that each party shall provide proposed Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form, along with citations to the record. The parties respectfully propose that the proposed Findings of Fact will be limited to no more than fifty (50) pages.

- The parties respectfully propose that no separate Conclusions of Law shall be filed.

- The parties respectfully propose that closing arguments, if any, be made after post-trial submissions.

## XVI.   LENGTH OF TRIAL

80.    This case is currently scheduled for a **4-day** consolidated bench trial beginning on **June 24, 2025, at 9:30 a.m.** The parties propose that each side be permitted **10 hours** for its trial presentation.

81.    The trial will be timed. Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examinations of witnesses called by the opposing party, for playing its deposition designations and its counter-designations, its argument on any motions for judgment as a matter of law, the non-prevailing party's objection that testimony is outside the scope, and all argument on objections a party raises to other party's exhibits and demonstrative exhibits.

82.    The Courtroom Deputy will keep a running total of trial time used by counsel. If any side uses all of its allotted trial time, the Court will terminate that side's trial presentation.

## XVII.  MOTIONS FOR JUDGMENT AS A MATTER OF LAW

83.    The parties reserve the right to move pursuant to Fed. R. Civ. P. 52(c) for judgment on partial findings. The parties agree that either side making a motion pursuant to Fed. R. Civ. P. 52(c) will advise the Court of its motion promptly and in accordance fully with Fed. R. Civ. P. 52(c). If the Court requests more extensive argument on the motion, such argument will be taken up at the Court's first convenience. Supplementation of the motion in writing shall be made only upon request by the Court. Pursuant to Fed. R. Civ. P. 52(c), the Court may decline to render any judgment until the close of evidence.

## XVIII. AMENDMENT OF THE PLEADINGS (LR 16.3(c)(11))

84.     The parties are not seeking amendments to the pleadings.

## XIX.  CLOSING THE COURT TO THE PUBLIC

85.     The parties agree that the Court should be open to the public for the entirety of the presentation of evidence at trial.

## XX.   SETTLEMENT (LR 16.3(c)(12))

86.     The parties certify that they have engaged in a good faith effort to explore the resolution of this controversy by settlement and that no agreement has been reached. As of the filing date of this Order, parties are continuing to discuss settlement, but still intend to proceed to trial.

## XXI.  OTHER MATTERS (LR 16.3(c)(13))

87.     There are no other matters that the parties deem are appropriate.


APPROVED AS TO FORM AND SUBSTANCE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Megan E. Dellinger
_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff*

DEVLIN LAW FIRM LLC

/s/ Timothy Devlin
_____
Timothy Devlin (#4241)
Andrew P. DeMarco (#6736)
Neil A. Benchell (admitted *pro hac vice*)
1526 Gilpin Avenue
Wilmington, DE  19806
(302) 449-9010
tdevlin@devlinlawfirm.com
ademarco@devlinlawfirm.com
nbenchell@devlinlawfirm.com

*Attorneys for Defendant*

OF COUNSEL:

Aaron Stiefel
Daniel P. DiNapoli
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

David C. McMullen, PhD
Drew M. Needham
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC  20001
(202) 942-5000

May 29, 2025


**IT IS HEREBY ORDERED** this _____ day of June, 2025 that this Final Pretrial Order

shall control the subsequent course of the action unless modified by the Court to prevent manifest

injustice.

_____
The Honorable Gregory B. Williams
United States District Court Judge